Opinion of the court.
Kirkpatrick C. J.
The first objection to this judg *116 ment, is, that the state of demand is uncertain and When it comes to be inspected, it appears, among other things, to contain those items, viz.
May 2, 1795. To 1 note against John Barcroft, $22 67
August 3,1813. To cash lent by Asher Williamson, for Mary Hull, . . . . 120 72
Those two charges are so evidently vague and uncertain, that it would be impossible for a man to answer with safety. The first, as it stands, is wholly unintelligible, and the second not much better.
After summing up and footing the whole amount at ..... $219 05 he gives this credit, viz. By cash and sundries at sundry days and times, and for interest, , .-. ■ . . . . 119 05
Leaving a balance of exactly the sum cogniza-.-ble before a justice, viz.....$100 00
Now if the charge be bad, the credit is still worse, and more embarrassing; for how can the party see for what he is credited. If a plaintiff will give credit and strike a balance, he must do it fairly and according tc the truth, shewing the particulars with their dates as they are in the account.
^Besides all this, on the trial of the cause, the plaintiff offered, and the justice admitted as witnesses (though they were objected to bj^ the defendants) Jacob Boughaner and Martha his wife, which said Martha was the daughter, and one of the residuary legatees of the said Mary Hull, the testator, and which residuum the demand in question, if recovered, must go to increase. This is a direct interest. And for both these reasons,
The judgment must be reversed.